```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
         SOUTHERN DIVISION
```

| | |
|---|---|
| **AARON CHRISTOPHER DAVIS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00041-JB-B |
| | * |
| **OFFICER W. WALKER,** *et al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Aaron Christopher Davis filed the instant action seeking relief under 42 U.S.C. § 1983 while he was incarcerated at the Baldwin County Corrections Center in Bay Minette, Alabama.[1] Davis filed his complaint using this Court's § 1983 prisoner complaint form, which specifically advised him: "PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC. FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER." (See Doc. 1 at 7).

On February 25, 2022, Davis sent a letter to the Clerk of Court, which stated that he was "currently in Baldwin County jail[.]" (Doc. 3). On March 23, 2022, the Court entered an order

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

granting Davis's motion to proceed without prepayment of fees and directing him to pay an initial partial filing fee of $6.06. (Doc. 4). In the order, the Court again advised Davis that he was required to inform the Court immediately of a change in his address or this action would be dismissed for failure to prosecute and obey the Court's order. (Id. at 3). The order was mailed to Davis at the Baldwin County Corrections Center. On April 6, 2022, the Court received payment of Davis's initial partial filing fee. (Doc. 5).

On May 13, 2022, the Court entered an order finding that Davis's complaint failed to state a claim on which relief could be granted and requiring Davis to file an amended complaint by June 13, 2022. (Doc. 6). The order was mailed to Davis at the Baldwin County Corrections Center, his last and only known address. On May 25, 2022, the order was returned to the Court as undeliverable, with the following notation: "RETURN TO SENDER. Not at this Address. 5-16-22." (Doc. 7).

An online inmate search of the Baldwin County Corrections Center reflects that Davis is no longer incarcerated at that facility. http://bcsonline.co.baldwin.al.us/smartweb/jail.aspx (last visited May 26, 2022). A search of the website for the Alabama Department of Corrections reveals that Davis is not in its custody either. http://www.doc.state.al.us/InmateInfo (last visited May 26, 2022). Nor does the Court have a free-world

2

address on file for Davis.  Despite the fact that he is apparently no longer incarcerated, Davis has not provided the Court with an updated address, in violation of this Court's specific directives to him.  Because Davis has neglected to keep the Court apprised of his current address, the Court has no means by which to communicate with him and surmises he has lost interest in this action.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order.  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[2]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

In light of the circumstances described above, and upon consideration of the alternatives available to the Court, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority due to Davis's failure to prosecute and his willful failure to obey the Court's directives to notify the Court immediately of any change in his address, as no lesser sanction will suffice to correct such conduct.[3]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

[3] As Davis's action is based on events that allegedly occurred in October and December 2019 (see Doc. 1 at 4-6), the Court recognizes that the statute of limitations may have run on Davis's claims. See Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc) (noting that the statute of limitations for filing a § 1983 action in Alabama is two years). "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam) (citing Justice v. United States, 6 F.3d 1474, 1482 & n.15 (11th Cir. 1993)). If the dismissal of this action is effectively with prejudice, dismissal is nevertheless appropriate because Davis's failure to keep the Court apprised of his address constitutes willful misconduct, and given the Court's inability to communicate with Davis, lesser sanctions will not suffice to correct such conduct.

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **27th** day of **May, 2022.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**